ECF CASE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175 WELFARE,
PENSION, ANNUITY AND TRAINING FUNDS and
UNITED PLANT AND PRODUCTION WORKERS
LOCAL UNION 175,

                Plaintiffs, -

-against-

GRACE ASPHALT LLC.,

                Defendant.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2010 ★

BROOKLYN OFFICE

Index No.
10    3540
Date Filed:

**COMPLAINT**

GLEESON. J.

CARTER, M.J.

Trustees of the United Plant and Production Workers Local 175 Welfare, Pension, Annuity and Training Funds (hereinafter "Trustees" or the "Funds") and United Plant and Production Workers Local Union 175 (hereinafter the "Union") and collectively referred to as Plaintiffs, by their attorneys The Law Offices of Karin Arrospide & Associates respectfully allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301

of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(l) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(l) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. This court is one of proper venue, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2) and Section 301 LMRA, 29 U.S.C. Section 185 because the Funds are administered and maintain a principal place of business in the County of Nassau.

4. This action is brought by the respective Union and the Trustees of the Funds in their fiduciary capacity for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues, and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(l) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(l) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(l)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor"

within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its collective bargaining agreement and all addendums between the Employer and non-party Amalgamated Local 450 A as adopted by United Plant and Production Worker Local Union 175.

7. The Funds are authorized to collect fringe benefit contributions, which includes payments for life insurance, hospitalization, medical care, vacation, annuity and pension benefits on behalf of employees performing covered work from the Employers, and the Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are further obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures for the protection of employee benefit rights.

8. The Funds' maintain their principal office and are administered at 99 Mineola Avenue, 1st Floor, Roslyn, New York 11577 in the County of Nassau.

9. The Union maintains its principal place of business at 99 Mineola Avenue, 1st Floor, Roslyn, New York 11577 in the County of Nassau and supplies individuals from its membership to the Employer to perform unit work in accordance with the agreement between the Union and the Employer.

10. Upon information and belief, Defendant Grace Asphalt LLC (hereinafter referred to as "Grace" and or "Employer") at all relevant times, was and is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an Employer in an industry affecting

commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 30-01 Harper Street, Corona, New York 11368.

## AS AND FOR A FIRST CLAIM FOR RELIEF

12. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 11 as if set forth at length herein.

13. The Employer, at all relevant times herein, was a signatory to the "Recycling, Crushing & Block Plants Assumption Agreement" (the "Assumption Agreement'). Contained with the Assumption Agreement and incorporated by reference is a provision acknowledging a collective bargaining agreement between the Union and the New York Independent Contractors' Alliance.

14. At all relevant times herein, a collective bargaining agreement existed between the Local 175 United Plant and Production Workers Union and the New York Independent Contractors' Alliance (the "Alliance) which, upon information and belief, required *inter alia,* the payment of fringe benefit contributions (the "CBA"). The CBA was duly adopted by United Plant and Production Workers Local 175 with express consent and approval of the members of the New York Independent Contractors' Alliance.

15. The CBA further requires the Employer to submit contribution

reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the CBA for all work performed by its employees covered by the CBA and to remit such monetary

contributions in accordance with the CBA.

16. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the CBA, there became due and owing to the Funds fringe benefit contributions for the effective period of the CBA.

17. The Employer has failed and refused to remit to the Funds all of the fringe benefit contributions due and owing under the CBA.

18. Pursuant to the terms of the CBA, an examination of the Employer's books and records was conducted for the period March 1, 2007 through and including September 30, 2008 revealing a delinquency in the principal sum of $46,179.94.

19. Upon information and belief, the total fringe benefit contributions and dues contractually owed to Plaintiffs have not been paid by the Employer.

20. The Employer's failure, refusal and neglect to remit the proper fringe benefit contributions, dues and reports to the Plaintiffs constitutes a violation of the CBA between the Employer and the Union insofar as the Funds are third-party beneficiaries.

21. Pursuant to the C.B.A., the Employer is obligated to the pay the additional amount of ten (10%) percent of the total sum of contributions due and unpaid as liquidated damages; ten (10%) percent of the total sum of

contributions due and unpaid as interest; audit fees, accountant fees and attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

22. Accordingly, the Employer is liable to Plaintiffs for unpaid fringe benefit contributions in the sum of $46,179.94 plus interest, liquidated damages, attorneys' fees, audit fees, and all costs associated with commencement of this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF

23. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "22" of this Complaint as if fully set forth at length herein.

24. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of executed collective bargaining agreements.

25. A failure to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

26. 26. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of a violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the

unpaid principal amount due, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

27. Plaintiffs have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

28. The failure of the Employer to promptly remit reports and payment will cause Plaintiffs immediate and irreparable injury unless the Employer is enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

29. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of the CBA as its applies to the obligation of the Employer to the Plaintiffs herein.

### AS AND FOR A THIRD CLAIM FOR RELIEF

30. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if fully set forth at length herein.

31. Pursuant to ERISA and the C.B.A., the Employer is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

32. Upon information and belief, the Defendant has failed to timely submit current fringe benefit contributions and reports to Plaintiffs and, as such, is in breach of its statutory obligation under ERISA.

33. During the course of the instant action, additional fringe benefit contributions delinquency charges may become due and owing.

34. Accordingly, if Defendant fails to pay fringe benefit contributions and/or Union dues for the period March 1, 2007 through

the present, Plaintiffs respectfully seek, as part of this action, any and all additional amounts that may become due and owing.

**WHEREFORE,** Plaintiffs respectfully seek an Order of Judgment against Grace Asphalt LLC. on all the Claims for Relief as follows:

(a) For a Judgment against the Defendant in the principal amount of $46,179.94, plus interest on the unpaid contributions for the delinquency period, in the amount of ten (10%) percent; dues check off, attorneys fees, audit fees, liquidated damages calculated at ten (10%) percent of the principal amount found due and reasonable attorneys fees and the cost of the audit and court costs and disbursements; .

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest & statutory damages;

(c) An Order requiring Defendant to fulfill its obligations to Plaintiffs pursuant to the relevant agreement between the parties; and

(d) For such other and further relief as to the Court deems appropriate.

Dated: New York, New York
August 2, 2010

Respectfully submitted,

_____
Karin Arrospide (KA 9319)
Law Offices of Karin Arrospide
 & Associates
330 Madison Avenue, 6th Fl.
New York, New York 10017