UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175
WELFARE, PENSION, ANNUITY AND
TRAINING FUNDS and UNITED PLANT
AND PRODUCTION WORKERS LOCAL
175,

                     Plaintiffs,

- versus -

GRACE ASPHALT LLC,,

                     Defendant.

MEMORANDUM
AND ORDER

10 CV 3540 (JG)

JOHN GLEESON, United States District Judge:

        A default judgment was entered on August 25, 2011 in this case, which the defendant moved to vacate almost a year ago. I referred the motion to vacate to Magistrate Judge Andrew Carter, who has since been appointed to another court. I just discovered that the motion to vacate remains undecided. With apologies to the parties for the delay, I hereby withdraw the reference and grant the motion.

        "In the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (internal quotation marks omitted). It appears undisputed here that the defendant's default was not willful, but rather was the result of a failure to provide an updated address to the New York Secretary of State. Though I cannot determine at this point whether the defendant's proffered defense – that it has in fact satisfied its obligations to the funds -- will

carry the day, it appears to have sufficient merit on its face to weigh in favor of granting the motion to vacate the default judgment.  Finally, I see no prejudice to the plaintiffs in vacating the default judgment; cases like these are typically resolved by reference to the relevant collective bargaining agreements and readily available documents.

The law has a strong preference for resolutions on the merits rather than by default.  Accordingly, the motion to vacate the default judgment is granted.  The Clerk is directed to assign a magistrate judge to the case, and that judge is respectfully directed to schedule an initial conference as soon as possible.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 28, 2012
Brooklyn, New York